Argued and submitted August 18, 2016, affirmed August 23, 2017

In the Matter of the Compensation of
Francisco Vargas, Claimant.

OROWHEAT-BIMBO BAKERIES USA-BBU, INC.;
and Indemnity Insurance,
*Petitioners,*

*v.*

Francisco VARGAS,
*Respondent.*

Workers' Compensation Board
1306146; A158264

401 P3d 1256

Edward McGlone argued the cause for petitioners. On the briefs was Patrick D. Gilroy.

Julene M. Quinn argued the cause and filed the brief for respondent.

Julie Masters filed the brief *amicus curiae* for SAIF Corporation and Samaritan Health Services.

Theodore P. Heus and Preston Bunnell, LLP, filed the brief *amicus curiae* for Oregon Trial Lawyers Association.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## EGAN, J.

Employer and its workers' compensation insurance carrier seek review of an order of the Workers' Compensation Board holding that claimant is substantively entitled to temporary disability benefits for a period of time authorized by an attending physician who was not a member of employer's managed care organization (MCO). The facts are not in dispute. We review the board's order for errors of law, ORS 183.482(8), and affirm.

Claimant compensably injured his back in February 2010. Before accepting the claim, employer enrolled claimant in an MCO and informed him by letter that he was required to seek medical treatment for his injury under the terms and conditions of the MCO contract.

In March 2010, employer accepted a claim for lumbar and thoracic strains. After claimant's treating physician determined that he had become medically stationary, employer closed the claim in November 2010, with an award of temporary disability benefits. In August 2011, claimant sought benefits for bilateral lumbar radiculopathy and facet arthropathy/syndrome as new/omitted medical conditions. Employer denied the conditions in October 2011 and February 2012, and claimant requested a hearing.

In December 2011, Dr. Miller began treating claimant for the new conditions. Miller was not an authorized MCO provider, but he was otherwise qualified to serve as an attending physician under ORS 656.245 and ORS 656.005 (12)(b). Miller authorized time loss beginning December 14, 2011.

In January 2013, an administrative law judge (ALJ) set aside employer's denials of the new/omitted medical conditions, and employer "provisionally" accepted them pending appeal to the board.[1] On January 30, 2013, employer notified claimant for the first time that Miller was not an authorized provider under the MCO and advised claimant

---

[1] The board affirmed the ALJ's order holding that the new/omitted medical conditions were compensable, and this court affirmed the board's order without opinion. *Orowheat-Bimbo Bakeries v. Elias-Vargas*, 273 Or App 820, 362 P3d 1215 (2015).

to obtain a different physician. Claimant began seeing Dr. Gerry, an MCO provider, who authorized time loss beginning March 12, 2013.

In a "provisional" notice of closure, employer closed the new/omitted medical condition claim with an award of temporary disability from March 12, 2013, through June 25, 2013. On claimant's request for reconsideration, the Appellate Review Unit (ARU) upheld the temporary disability award, rejecting claimant's contention that he was entitled to temporary disability benefits beginning December 14, 2011. The ARU explained that, because Miller was not an MCO provider, he could not serve as an attending physician or authorize time loss.

The ALJ upheld the order on reconsideration, citing board orders holding that a non-MCO provider cannot serve as an attending physician or authorize time loss for a claimant who is enrolled in an MCO.

The board reversed the ALJ. Referring to the pertinent statutes, dictionary definitions, and legislative history, the board reasoned that, although claimant had been previously enrolled in an MCO for the initially accepted conditions, claimant was not subject to the MCO for medical services attributable to the denied new/omitted conditions. Thus, the board reasoned, claimant was entitled to select a non-MCO attending physician who could authorize time loss for the new/omitted conditions.

On judicial review, employer contends that the board erred in its interpretation of the pertinent statutes, in its conclusion that Miller could serve as claimant's attending physician and authorize time loss, and in its conclusion that claimant is entitled to time loss beginning December 14, 2011.

We begin our analysis with the pertinent statutes. Under ORS 656.262(4)(a), only the worker's "attending physician *** authorized to provide compensable medical services under ORS 656.245" may authorize payment of temporary disability benefits.[2] ORS 656.262(4)(h) further provides

_____

[2] The first installment of temporary disability compensation "shall be paid no later than the 14th day after the subject employer has notice or knowledge of

that a worker's disability "may be authorized only by a person described in ORS 656.005(12)(b)(B) or ORS 656.245 for the period of time permitted by those sections."

ORS 656.005(12)(b) and ORS 656.245, in turn, define "attending physician" and describe who may serve as an attending physician and medical service provider. ORS 656.005(12)(b) states that, "[e]xcept as otherwise provided for workers subject to a managed care contract," an attending physician is "a doctor, physician or physician assistant who is primarily responsible for the treatment of a worker's compensable injury and who is [one of the types of licensed physicians listed in the statute]." ORS 656.245(2)(b)(B) provides that "[a] medical service provider who is not an attending physician cannot authorize the payment of temporary disability compensation."

As suggested in ORS 656.005(12)(b), a claimant's enrollment in an MCO gives rise to additional requirements. ORS 656.245(4)(a) provides that when an employer contracts with an MCO, "[t]hose workers who are subject to [a managed care contract] shall receive medical services in the manner prescribed in the contract." ORS 656.260(14) provides that, "[n]otwithstanding ORS 656.005(12) *** a managed care organization contract may designate any medical service provider or category of providers as attending physicians." The implication is that, when a worker is subject to a managed care contract, the MCO may designate who may serve as the worker's attending physician.[3]

We agree with the parties that the question to be resolved on judicial review is whether claimant was "subject to" the MCO for purposes of the selection of an attending

the claim and of the worker's disability, if the attending physician or nurse practitioner authorized to provide compensable medical services under ORS 656.245 authorizes the payment of temporary disability compensation." ORS 656.262 (4)(a).

[3] That implication is confirmed in other statutes. ORS 656.262(4)(i) provides that an employer "may unilaterally suspend payment of all compensation to a worker enrolled in a managed care organization if the worker continues to seek care from an attending physician *** authorized to provide compensable medical services under ORS 656.245 that is not authorized by the managed care organization more than seven days after the mailing of notice by the insurer or self-insured employer[.]" This case does not concern the suspension of benefits, but only whether Miller could authorize time loss.

physician who could authorize time loss. ORS 656.245(4)(a) states that a worker becomes subject to an MCO contract after notice of enrollment and until expiration or termination of the contract. The same subsection states that "[w]orkers subject to the [MCO] contract include those who are receiving medical treatment for *an accepted compensable injury or occupational disease* regardless of the date of injury or medically stationary status, on or after the effective date of the contract". (Emphasis added.)

When a claim is denied, different rules apply. ORS 656.245(4)(b)(D) provides:

> "If the claim is denied, the worker may receive medical services after the date of denial from sources other than the managed care organization until the denial is reversed. Reasonable and necessary medical services received from sources other than the managed care organization after the date of claim denial must be paid as provided by ORS 656.248 by the insurer or self-insured employer if the claim is finally determined to be compensable."

In *SAIF v. Reid*, 160 Or App 383, 388, 982 P2d 14 (1999), we held that a denied claim under ORS 656.245(4)(b)(D) includes a new or omitted medical condition claim. Citing ORS 656.245(4)(b)(D) and its legislative history, the board reasoned that if, after a claim is denied, the worker is permitted to obtain medical services outside of the MCO, then the worker also is not "subject to" the MCO with respect to the selection of an attending physician.

Employer contends that ORS 656.245(4)(b)(D) addresses only medical services and has no bearing on the selection of an attending physician or the authorization of time loss. Employer contends that when a worker is enrolled in an MCO at the time of an initial claim, the worker remains subject to the MCO when a new/omitted medical condition claim is filed after claim closure and must have an attending physician within the MCO. Employer argues that if the legislature had intended to allow a worker to select an attending physician outside of the MCO, it would have stated so explicitly.

We disagree with employer that ORS 656.245(4)(b)(D) does not bear on the selection of attending physicians. ORS

656.245(4)(a) states that persons "subject to" an MCO contract include those seeking medical services for an accepted compensable injury. In common usage, to be "subject to" a contract means to fall within or be governed by it. *See Webster's Third New Int'l Dictionary* 2275 (unabridged ed 2002). If, as ORS 656.245(4)(b)(D) provides, a worker seeking medical services on a denied claim is permitted to seek medical services "from sources other than the managed care organization," we agree with the board that the worker is not "subject to" the MCO with respect to medical services for that claim.

An attending physician oversees the claimant's treatment. ORS 656.005(12) (defining "attending physician" as "a doctor, physician or physician assistant who is primarily responsible for the treatment of a worker's compensable injury"). If, under ORS 656.245(4)(b)(D), a worker may receive medical services outside of the MCO, then, necessarily, the worker may choose a non-MCO physician as an attending physician to manage his or her medical treatment pursuant to ORS 656.245(2)(a). If an attending physician may be chosen without regard for the MCO, necessarily, the attending physician may authorize time loss.

There is no dispute that Miller was claimant's attending physician. And there is no dispute that, although he was not a member of the MCO, Miller was otherwise qualified under ORS 656.005(12) to serve as claimant's attending physician. Because Miller could serve as claimant's attending physician for purposes of providing medical services under ORS 656.245, we conclude that he could authorize time loss under ORS 656.262(4)(a). The board did not err in determining that claimant was entitled to temporary disability benefits during the period in dispute.[4]

Affirmed.

---

[4] Employer and *amicus* SAIF argue that our interpretation creates the possibility that a worker could have more than one attending physician, in contradiction of certain statutes and administrative rules. *See* ORS 656.245(2)(a); *see also* OAR 436-010-0220(2). That issue is not raised by the facts of this case, was not preserved below, and is not before us. Moreover, that abstract possibility, the resolution of which would depend on an interpretation of statutory provisions that are not directly implicated here, does not persuade us that our interpretation of ORS 656.245(4)(b)(D), as applied here, is incorrect.